## McVICKAR *a.* KETCHUM.

*New York Superior Court; At Chambers, October,* 1865.

### EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.

A party to an action may be examined at the instance of an adverse party at any time after advisement has been made of the nature of the claim or the defence.

Where the plaintiff applies for such an examination before the pleadings are put

in, he should be limited to such evidence as will tend to establish his cause of action ; and the defendant he seeks to examine has a right to know the nature and extent of the claim, which the court will secure by requiring the service of a verified complaint before proceeding with the examination.

Order for the examination of the defendant, at the instance of the plaintiff, before trial.

This action was brought by William H. McVickar against the various persons, members of the firm of Morris Ketchum, Son & Co., and their assignees, and Augustus W. Greenleaf and others.

E. B. Ketchum, one of the defendants, was in prison upon charges of forgery, but had not yet been put upon his trial.

The plaintiff brought this action to establish his right to a considerable fund held by the defendants, Greenleaf, Norris & Co., under some contract with Ketchum, Son & Co., by E. B. Ketchum, the junior partner.

The action having been commenced by the service of summons, the plaintiffs' counsel applied, upon the following affidavit, for an order for the examination of the defendant Ketchum, before trial, and for a writ of *habeas corpus ad testificandum* to bring him from prison into court for the purpose.

[TITLE OF THE CAUSE, &c.]

" J. Larocque, being duly sworn, says: That he is one of the attorneys for the plaintiff in this action, which is in the nature of a cross-action to one already pending in this court, in which Edward Bennett and Philo C. Calhoun, as assignees of Ketchum, Son & Co., and the plaintiff herein, and all the defendants in this action, except the members composing the firm of Ketchum, Son & Co., are defendants ; and that this action has been commenced by the service of the summons upon some of the defendants ; that the defendant, Edward B. Ketchum, who is an adverse party to the plaintiff herein, is now confined under indictment in the City Prison in this city on charges of forgery, but not under conviction and sentence; but it is understood between the district attorney and the counsel for the said Edward B. Ketchum, as the deponent is informed and believes, that upon one day's notice to his counsel they will appear in

court and withdraw the plea of not guilty, which he has interposed, and plead guilty to at least one of the indictments against him; the doing of which is being postponed, with the sanction of the court in which the indictments are pending, as long as can conveniently be done, for the express purpose of allowing his testimony to be taken in civil suits, where it is material to avoid the technical disqualification which would result from his sentence on the criminal charge; and that if a few days' interval were required between the service of a summons and notice of his examination and the taking of his deposition, there would be danger of the plaintiff's losing the benefit of his testimony in this action, which is being allowed to parties in other actions."

The order and writ having been granted;—*F. N. Bangs*, for the defendants, upon the return-day moved to vacate them on the ground that issue had not been joined in the suit, and that no examination could be had until that was done. Such an order made before issue must be regarded as irregular. The defendants knew nothing of the cause of action. The proceeding could not be sustained as a conditional examination; for it was taken wholly under section 391 of the Code of Procedure, which says nothing about conditional examination. The order and writ should be set aside. (Chichester *a.* Livingston, 3 *Sandf.*, 718; Woods *a.* De Figanierre, 16 *Abbotts' Pr.*, 1.)

*Jeremiah Larocque*, for the plaintiff, suggested that the Superior Court had followed a different rule from the Supreme Court and the Court of Common Pleas in this respect, and insisted that the order was authorized by the statute, and should be sustained. It is just and reasonable that that latitude should be allowed as to the examination of parties. The presumption which exists in the case of other witnesses, that they are important, and will willingly disclose the facts at any time upon the request of either party, does not apply to parties whose interest was adverse. It is often important to have the examination, in order to know how to frame the issues in the suit; and it is no greater latitude than has always been allowed in cases of *de bene esse* examinations under the Revised Statutes, where,

immediately upon the issuing of process to commence a suit, a witness who is sick, or infirm, or going away, can at once be examined.

MONCRIEF, J.—I am of opinion that a party to an action may be examined at any time after advisement has been made of the nature of the claim or the defence. Section 391 of the Code so provides in terms, and is without qualification. The authorities cited against this view, holding that the examination could be had only after issue joined, were all cases decided prior to the year 1863.

The Legislature in that year amended section 395, by striking out the words "in respect to any matter pertinent to the issue," and deprives those authorities of the reason assigned for their conclusion.

The plaintiff should, however, be limited to such evidence as will tend to establish his alleged cause of action, and the defendant sought to be examined has the right to know the extent and nature of the claim made against the defendant. After service of a copy of a verified complaint in this action, the examination should proceed.

The application to set aside the order, &c., is denied.